· Dale NELSON, Appellee,

v.

J.C. PENNEY COMPANY, INC., Appellant.

No. 95–1253.

United States Court of Appeals, Eighth Circuit.

March 4, 1996.

McMILLIAN, Circuit Judge, specially concurring in the denial of the suggestion for rehearing en banc.

I do not disagree with the factual analysis of the panel opinion or the result reached in this case. On that basis I concur in the denial of the petition for rehearing en banc. As the panel opinion indicates, the evidence

was insufficient to create a factual dispute as to whether age discrimination was a motivating factor in plaintiff's termination. In *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (*Burdine*), as clarified by *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (*Hicks*), the Supreme Court provided alternative methods by which employment discrimination can be proven. The Court observed that, when a defendant offers a nondiscriminatory reason for discharge, a plaintiff may submit sufficient evidence to permit a jury to find intentional discrimination in one of two ways: "either directly by persuading the court that a discriminatory reason more likely motivated the employer *or* indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095 (emphasis added); *see Hicks*, 509 U.S. at 510–11, 113 S.Ct. at 2749. As the panel opinion demonstrates, there was insufficient direct evidence of discrimination or indirect evidence of pretext to create an issue for the jury in this case. The *Burdine* standard still controls in those circumstances. It has been followed by all of the circuits, including our own circuit, in post-*Hicks* cases.

I write specially to note that the panel opinion is misleading in adopting the dicta set forth in *Nelson v. Boatmen's Bancshares,*

*Inc.*, 26 F.3d 796 (8th Cir.1994) (*Boatmen's Bancshares*), which relies upon *Radabaugh v. Zip Feed Mills, Inc.*, 997 F.2d 444 (8th Cir.1993), and *Ostrowski v. Atlantic Mut. Ins. Cos.*, 968 F.2d 171, 182 (2nd Cir.1992).[1] The latter are mixed-motive cases in which direct evidence is required. Furthermore, *Boatmen's Bancshares* is a reduction-in-force case in which this court has traditionally required additional proof of age-animus beyond pretext. *See Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161, 1165–66 (8th Cir.1985); *cf. Hillebrand v. M–Tron Indus., Inc.*, 827 F.2d 363, 366–68 (8th Cir.1987), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989). Neither of these tests applies to the *Burdine* analysis dealing with proof of pretextual reasons. As such, the panel opinion, in what is purportedly a pretext case, will cause continued confusion to the district courts and attorneys of this circuit.

The petition for rehearing by the panel is also denied.

---

1. As the Seventh Circuit has pointed out in *Collier v. Budd Co.*, 66 F.3d 886, 893 n. 11 (7th Cir.1995), use of the *Boatmen's Bancshares* test in a pretext situation is inconsistent with recent decisions from most of the other circuits.

> This court has held that the Supreme Court in *Saint Mary's [Honor Ctr. v. Hicks]* adopted a version of the "pretext-only" rule that allows (but does not require) a jury to find intentional discrimination if the employer has offered false or pretextual reasons for the discharge. *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1123–24 (7th Cir.1994); *see also Loyd v. Phillips Brothers, Inc.*, 25 F.3d 518, 522 (7th Cir.1994). Under the pretext-only rule, rejection of the employer's proffered reasons is sufficient to permit a finding of discrimination; "no additional proof of discrimination is required." *Anderson*, 13 F.3d at 1124, *quoting Saint Mary's [Honor Ctr. v. Hicks]*, 509 U.S. at 510–11, 113 S.Ct. at 2749; *see also Loyd*, 25 F.3d at 522 ("The trier of fact may infer intentional discrimination from its disbelief of the

reasons put forward by the defendant and the elements of the prima facie case alone but is not required to do so.") The majority of other circuits to address this question have endorsed this version of the pretext-only rule. *See Waldron v. SL Industries, Inc.*, 56 F.3d 491, 495 (3rd Cir.1995); *Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1557 (11th Cir.1995); *Barbour v. Merrill*, 48 F.3d 1270, 1277 (D.C.Cir.1995), *cert. [granted in part, —— U.S. ——, 116 S.Ct. 805, 133 L.Ed.2d 752 (1996)]*; *E.E.O.C. v. Ethan Allen, Inc.*, 44 F.3d 116, 120 (2nd Cir.1994); *Washington v. Garrett*, 10 F.3d 1421, 1433 (9th Cir.1993); *but see Nelson v. Boatmen's Bancshares, Inc.*, 26 F.3d 796, 801 (8th Cir.1994) (employee must present additional "evidence capable of proving that the real reason for his termination was discrimination based on age" in order to recover); *Rhodes v. Guiberson Oil Tools*, 39 F.3d 537, 543–45 (5th Cir.1994) (simply disproving proffered reasons is not sufficient to allow finding of age discrimination), *[reh'd en banc, 75 F.3d 989 (5th Cir.1996)]*.